UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PHILLIP BRANTLEY,
Plaintiff,

Case No. 1:16-cv-707
Black, J.
Litkovitz, M.J.

vs.

CITIMORTGAGE,
Defendant.

ORDER AND REPORT
AND RECOMMENDATION

Plaintiff Phillip Brantley brings this action seeking declaratory and injunctive relief against defendant CitiMortgage in connection with property that was the subject of foreclosure proceedings in state court. (Doc. 1). The matter is before the Court on (1) defendant's motion to dismiss the complaint and to declare plaintiff a vexatious litigator (Doc. 8), plaintiff's opposing memorandum (Doc. 11), and defendant's reply (Doc. 12), and (2) defendant's response to the Court's Order to show cause why this matter should not be stayed due to plaintiff's pending bankruptcy proceedings (Doc. 14).

## I. Defendant's response to the Court's Order to Show Cause (Doc. 14)

Defendant filed its Motion to Dismiss and Motion for Declaration of Plaintiff as Vexatious Litigator on July 25, 2016. (Doc. 8). In the motion, defendant advised the Court that plaintiff has filed four Chapter 13 bankruptcy petitions in the Southern District of Ohio since June 2, 2015. (*Id.* at 7, citing Exhs. V to EE). Plaintiff filed the most recent petition, No. 1:16-bk-12458, on June 30, 2016, the day after he filed the complaint in this matter.[1] (*Id.*, citing Exh.

---

[1] The Court "may take judicial notice of proceedings in other courts of record. . . ." *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969)).

EE). That petition remains pending before the Bankruptcy Court.[2] (*Id.*). This Court therefore ordered that the parties show cause in writing within 15 days why this matter should not be stayed pursuant to 11 U.S.C. § 362 during the pendency of the bankruptcy proceedings. (Doc. 13). Plaintiff did not file a response to the Order to Show Cause. Defendant filed a response asserting that this Court is not required to stay the case pursuant to the Bankruptcy Code, 11 U.S.C. § 362(c)(4). (Doc. 14). Section 362(c)(4)(A) provides:

> (i) if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b), the stay under subsection (a) shall not go into effect upon the filing of the later case; and
>
> (ii) on request of a party in interest, the court shall promptly enter an order confirming that no stay is in effect[.]

11 U.S.C. § 362(c)(4)(A). Defendant contends the District Court is not required to stay this action because plaintiff filed two or more Chapter 13 petitions within the year preceding his most recent bankruptcy filing which were dismissed by the Bankruptcy Court.

Defendant's argument is well-taken. Plaintiff filed two Chapter 13 bankruptcy petitions in the year preceding his most recent bankruptcy filing on June 30, 2016: (1) Case No. 15-bk-13794, which was filed on October 1, 2015 and dismissed on November 17, 2015; and (2) Case No. 16-10600, which was filed on February 25, 2016 and dismissed on April 15, 2016. Because these two bankruptcy cases were dismissed within one year of the filing of the June 30, 2016 bankruptcy petition, the automatic stay never went into effect. *See Miley v. Thornburg Mortgage Home Loans*, No. 1:14-cv-2819, 2014 WL 11485571, at *2-*3 (N.D. Ga. Sept. 9, 2014) (and

---

[2] The earlier cases plaintiff filed are: (1) Case No. 15-bk-23293, which was filed on June 2, 2015 and dismissed on July 23, 2015; (2) Case No. 15-bk-13794, which was filed on October 1, 2015 and dismissed on November 17, 2015; and (3) Case No. 16-bk-10600, which was filed on February 25, 2016 and dismissed on April 15, 2016. (Doc. 8, Exhs. V to EE). Each of these cases was dismissed due to plaintiff's failure to file a plan and/or schedules. (*Id.*).

cases cited therein). Pursuant to § 362(c)(4)(A)(i), the automatic stay provision of 11 U.S.C. § 362(a) does not apply to stay the instant case. Thus, the Court confirms no stay of the current case is in effect.

## II. Defendant's motion to dismiss the complaint and declare plaintiff a vexatious litigator (Doc. 8)

Defendant CitiMortgage moves the Court to dismiss the complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on the grounds the Court lacks subject matter jurisdiction over the complaint pursuant to the *Rooker-Feldman* doctrine; plaintiff's complaint is barred under the doctrines of res judicata and collateral estoppel; and the factual allegations of the complaint fail to state a claim upon which relief can be granted. (Doc. 8). In addition, defendant seeks to have plaintiff declared a vexatious litigator in light of the numerous state court actions and bankruptcy petitions he has previously filed based on the same set of facts.

Plaintiff's arguments in response to defendant's motion are difficult to decipher. (Doc. 11). Plaintiff appears to argue that defendant's motion to dismiss is premature based on the status of the pending bankruptcy proceedings. Plaintiff also denies that he is a vexatious litigator and contends he has acted in good faith by persistently presenting his defenses and supporting his allegations.

In reply, defendant alleges that plaintiff has not presented any arguments in opposition to the arguments raised in its motion; he has not cited any legal authority or articulated any basis for the Court to exercise jurisdiction over his claims; and plaintiff appears to have conflated his bankruptcy filing with this case, which bears no relation to plaintiff's bankruptcy proceeding. (Doc. 12).

### A. Defendant's motion to dismiss

#### 1. Allegations of the complaint

Plaintiff Philip Brantley filed the complaint and a motion for a temporary restraining order and injunctive relief against defendant in this Court on June 29, 2016. (Docs. 1, 2). Plaintiff makes the following allegations in the complaint: Plaintiff and Bobbie Brantley are the legal title owners of property located at 11948 Gaylord, Cincinnati, Ohio 45240 (the "Property").[3] (Doc. 1, ¶ 1). Defendant CitiMortgage is the servicer of the promissory note on the Property. (*Id.*, ¶ 2). CitiMortgage brought a lawsuit against plaintiff for breach of contract. (*Id.*, pp. 2-3). A title search purportedly disclosed that the mortgage on the Property was fraudulently transferred multiple times. (*Id.*, p. 3). The mortgage was assigned to CitiMortgage by assignment recorded on October 9, 2012. (*Id.*, p. 5). Prior to that date, on or about June 2011, plaintiff stopped making payments on the loan after losing his job the preceding month. (*Id.*). After unsuccessfully attempting to obtain a loan modification, plaintiff sent a notice of rescission to defendant by certified mail with a return receipt on June 1, 2016, notifying defendant of plaintiff's intent to rescind the loan. (*Id.*; Exhs. 1, 2). Plaintiff waited 20 days for defendant "to take possession of the property tendered as part of the rescission" before sending a "Notice of Default for the Rescission" to defendant.[4] (*Id.*, p. 5).

Plaintiff brings a claim against CitiMortgage under the Truth in Lending Act (TILA), 15 U.S.C. § 1635, based on defendant's alleged failure to take possession of the Property after

---

[3] The complaint indicates that Bobbie Brantley is also a plaintiff in this action (Doc. 1, ¶ 1), which is not accurate. The only plaintiff in this pro se action is Phillip Brantley.

[4] Plaintiff cites Exhibit 3 to the complaint in connection with this allegation. (Doc. 1, p. 5). However, there is no such exhibit attached to the complaint.

4

plaintiff "tendered" it.[5] (*Id.*, p. 3). Plaintiff alleges that defendant failed to take possession of the Property within 20 days as purportedly required by § 1635 and has therefore forfeited any claim against plaintiff "for the obligation owed." (*Id.*, p. 6). Plaintiff seeks a judgment declaring that "the debt obligation attached to the real property is discharged"; enjoining defendant from further collection activities and foreclosure actions against plaintiff related to the loan; enjoining defendant from reporting the debt obligation to collection agencies; and ordering that the "original wet ink signature of the promissory note" be returned to plaintiff. (*Id.*, p. 7).

Plaintiff filed a motion for temporary restraining order and injunctive relief on June 29, 2016, seeking to enjoin a sheriff's sale of the Property which was scheduled to occur the following day. (Doc. 2). Plaintiff attached an affidavit to the motion alleging that CitiMortgage had failed to provide documents that plaintiff requested on August 17, 2016, to demonstrate that it is the holder of the note on the Property.[6] (Doc. 2, Plaintiff's Aff.). Plaintiff attached a second affidavit stating that he sent a notice of rescission to CitiMortgage on June 1, 2016, and that CitiMortgage sent a reply on June 27, 2016, which plaintiff received the next day. (*Id.*, Doc. 2-1). In the response regarding Loan Number 5002928417, counsel for CitiMortgage stated that defendant had received plaintiff's "Notice of Rescission and Tender" and had reviewed the letter and loan file. (Doc. 2-1, p. 2). Counsel advised plaintiff that under TILA, a borrower's right to rescind expires three years after the loan closing or upon the sale of the property, whichever

---

[5] Section 1635 gives the obligor in a consumer credit transaction in which a security interest in an obligor's principal dwelling is acquired the right to rescind the transaction within a specified time period and provides that ownership of the property vests in the obligor with no obligation to pay for it if the creditor does not take possession of the property within a specified period of time after tender by the obligor. 15 U.S.C. § 1635.

[6] This date is obviously incorrect because plaintiff signed the affidavit on June 28, 2016.

5

occurs first, and that plaintiff's right to cancel expired on September 14, 2008.[7] (*Id.*). The letter concluded by advising plaintiff that his "Notice of Rescission and Tender" was of no effect. (*Id.*).

### 2. Dismissal pursuant to the *Rooker-Feldman* doctrine

Defendant moves to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction under the *Rooker-Feldman* doctrine based on the history of state court foreclosure proceedings on the Property. Plaintiff has not addressed this issue in his response to the motion to dismiss.

Federal courts lack authority under the *Rooker-Feldman* doctrine to sit as state appellate courts to review state court determinations. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The *Rooker-Feldman* doctrine applies to deprive a district court of subject matter jurisdiction "only when a plaintiff complains of injury from the state court judgment itself." *Coles v. Granville*, 448 F.3d 853, 858 (6th Cir. 2006). The *Rooker-Feldman* doctrine "stands for the proposition that a federal district court may not hear an appeal of a case already litigated in the state court." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995). The Supreme Court has reaffirmed that the *Rooker-Feldman* doctrine applies where a case is brought by a loser in a state court action, complaining of injuries caused by the state court's judgment rendered before the district court proceedings commenced and inviting the district court to review and reject that judgment. *See Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The crucial question is whether the "source of injury" upon which the plaintiff bases his federal claim is a

---

[7] Section 1635(f) provides that "An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor[.]"

6

state court judgment. *Lawrence v. Welch*, 531 F.3d 364, 368 (6th Cir. 2008). *See also Mines v. Franklin Savings & Loan*, No. 1:09-cv-914, 2011 WL 882976, at *2 (S.D. Ohio Jan. 31, 2011) (Report and Recommendation), *adopted as modified*, 2011 WL 886128 (S.D. Ohio Mar. 10, 2011). "If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction." *Lawrence,* 531 F.3d at 368 (citation omitted).

After hearing oral arguments on plaintiff's motion for a temporary restraining order filed in this case, the District Judge denied the motion on the ground plaintiff is barred by the doctrines of *Rooker-Feldman* and res judicata from litigating his TILA claim in this Court. (*Id.* at 4). A review of the record shows that the Property has been the subject of four lawsuits filed by the parties to this lawsuit in state court, three of which were filed by plaintiff and one of which was filed by CitiMortgage. The history of the state court litigation concerning the Property and the loan on the Property dates back to October 22, 2012, when plaintiff filed a complaint in the Hamilton County Court of Common Pleas for declaratory relief alleging that CitiMortgage did not have standing to foreclose on the Property and asserting additional claims for fraud, intentional infliction of emotional distress, quiet title, slander of title, rescission, and violations of TILA and the Real Estate Settlement Procedures Act (RESPA). (Doc. 8, Exh. H, Case No. A12082450, Complaint). The Common Pleas Court granted Citimortgage's motion for summary judgment on June 3, 2013, after plaintiff failed to respond, and plaintiff did not appeal the judgment. (*Id.*, Exhs. I, J, K). Plaintiff filed another action against CitiMortgage related to the Property and loan in the Hamilton County Court of Common Pleas on February 9, 2015, alleging "trespass" and "administering property without rights." (*Id.*, Exh. L, Case No. A1500708, Complaint). The Common Pleas Court granted the motion to dismiss on March 17,

7

2015, and plaintiff did not appeal the decision. (*Id.*, Exhs. M, N, O). Plaintiff filed a third action against CitiMortgage related to the Property and loan in Hamilton County Small Claims Court on September 25, 2015, for "Failure to Rspond [sic] to Qualified written request pursuant to [RESPA]," 12 U.S.C. §2605(e). (*Id.*, Exh. P, Case No. 15CV21133, Complaint). The case was transferred to the Municipal Court docket on October 27, 2015. (*Id.*, Exh. Q). The Court issued a final order granting CitiMortgage's motion for summary judgment on March 29, 2016, and plaintiff did not appeal the judgment. (*Id.*, Exhs. T, Q, U). Finally, on May 30, 2014, before plaintiff instituted his second and third actions, CitiMortgage filed an action in the Hamilton County Court of Common Pleas to foreclose on the Property after plaintiff defaulted on a promissory note for $315,000.000 secured by a mortgage on the Property.[8] (*Id.*, Exh. A, Case No. A1403220, Doc. 1). On March 10, 2015, the Common Pleas Court entered a final judgment and decree of foreclosure. (*Id.*, Exh. E). Plaintiff did not appeal the judgment. (*See Id.*, Exh. F). The Property was sold to a third party by foreclosure sale on June 30, 2016. (*Id.*, Docket entry).

Plaintiff now challenges the decree of foreclosure by seeking a judgment in this Court that discharges his debt obligation in the foreclosed Property; enjoins defendant from pursuing any collection activities against him, including foreclosure actions, and from contacting plaintiff regarding the loan on the Property; enjoins defendant from reporting plaintiff's debt obligation on the Property to collection agencies; and orders defendant to "return the original wet ink signature of the promissory note" on the foreclosed Property to plaintiff. (Doc. 1). The source of plaintiff's injury is the state court judgment of foreclosure and the relief sought contravenes that judgment, which granted defendant CitiMortgage the right to sell the Property free of any

---

[8] The Court may examine public documents without converting the motion to dismiss into one for summary judgment. *Wyser-Pratte Mgmt. Co. Inc. v. Telxon Corp.*, 413 F.3d 553, 560 (6th Cir. 2005).

interest of plaintiff, terminated plaintiff's rights in the Property, and authorized the sale of the Property. (Doc. 8, Exh. E). Plaintiff is precluded from pursuing a claim under 15 U.S.C. § 1635 and obtaining the relief he seeks with respect to the Property. *Lawrence,* 531 F.3d at 368. Plaintiff's complaint, which requests that the Court declare the debt obligation on the foreclosed Property to be discharged and issue other relief related to the loan on the Property, identifies injuries caused by the state court judgment rendered before the district court proceedings commenced and invites the District Court to review and reject that judgment. *See Exxon Mobile Corp.*, 544 U.S. at 284. This Court therefore lacks subject matter jurisdiction over plaintiff's complaint filed in federal court under the *Rooker-Feldman* doctrine. The complaint should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(1).

**3. Dismissal pursuant to the doctrines of res judicata and collateral estoppel**

Defendant alleges that assuming, *arguendo*, plaintiff's complaint is not barred under the *Rooker-Feldman* doctrine, plaintiff's claims are nonetheless barred under the doctrines of res judicata (claim preclusion) and collateral estoppel (issue preclusion).[9]

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (citing *Harbin-Bey v. Rutter,* 420 F.3d 571, 575 (6th Cir. 2005)). Only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required. *Id*. (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id*. (quoting *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (internal quotation marks omitted) (quoting

---

[9] Federal courts in the Sixth Circuit typically refer to "res judicata" as "claim preclusion" and "collateral estoppel" as "issue preclusion." *See Dubuc v. Green Oak Tp.*, 312 F.3d 736, 745 (6th Cir. 2002) (citing Black's Law Dictionary at 256, 1312 (7th ed. 1999)).

9

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). Although the plaintiff need not plead specific facts, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly,* 550 U.S. at 555, 570). It is well-settled that a document filed pro se is "to be liberally construed" and that a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers [.]" *Erickson,* 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, the Sixth Circuit has recognized that the Supreme Court's liberal construction case law has not had the effect of "abrogat[ing] basic pleading essentials" in pro se suits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

The doctrine of claim preclusion provides that a "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). The doctrine of issue preclusion provides that "a decision precludes relitigation of the same issue on a different cause of action between the same parties once a court decides an issue of fact or law necessary to its judgment." *Duncan v. Peck*, 752 F.2d 1135, 1138 (6th Cir. 1985). Under the doctrines of claim and issue preclusion, a federal court must give a state court judgment the same preclusive effect it would have in the courts of the rendering state. *Dubuc*, 312 F.3d at 744. Under Ohio law, "an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were *or might have been* litigated in the first lawsuit." *National Amusements, Inc. v. City of Springdale*, 558 N.E.2d 1178, 1179 (Ohio 1990) (emphasis in the original) (citation omitted). *See also Grava v. Parkman Twp.*, 653 N.E.2d 226, 228 (Ohio 1995) ("[t]he doctrine of *res judicata* requires a plaintiff to present every ground for relief in the

10

first action, or be forever barred from asserting it") (citation omitted). *See also State v. Dick,* 738 N.E.2d 456, 460 (Ohio App. 3d Dist. 2000) ("*res judicata* bars a subsequent action based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action, *whether or not that particular claim was litigated,* so long as there has been a valid, final judgment rendered upon the merits") (citing *Grava,* 653 N.E.2d 226, syllabus) (emphasis in the original). Under Ohio law, a prior judgment has preclusive effect if four elements are satisfied: (1) there is a final, valid decision on the merits by a court of competent jurisdiction; (2) the second action involves the same parties or their privies as the first; (3) the second action raises claims that were or could have been litigated in the first action; and (4) the second action arises out of the transaction or occurrence that was the subject matter of the previous action. *Felder v. Community Mut. Ins. Co.*, No. 96-3320, 1997 WL 160373, at *3-4 (6th Cir. Apr. 4, 1997). Ohio law defines "transaction" as a "common nucleus of operative facts." *Hapgood v. City of Warren,* 127 F.3d 490, 494 (6th Cir. 1997) (quoting *Grava,* 653 N.E.2d at 229).

As the District Judge found in the Order Denying Plaintiff's Motion for a Temporary Restraining Order, plaintiff is barred by the prior state court judgments from litigating his TILA claim in this Court. (Doc. 6 at 3-4). The factual history outlined above shows that plaintiff has filed multiple lawsuits and a prior TILA claim in state court against CitiMortgage which have been resolved in CitiMortgage's favor; a judgment of foreclosure has been issued against plaintiff; and the Property has been sold to a third party pursuant to that state court judgment. This action relates to the Property and loan at issue in the state court litigation and involves the same parties and claims that either were litigated in state court or could have been litigated in those lawsuits. Plaintiff is therefore precluded under the doctrines of claim preclusion and issue

11

preclusion from pursuing his claims in federal court. Accordingly, dismissal of the complaint is warranted pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim to relief.

### B. Motion to designate plaintiff as a vexatious litigator

Defendant seeks to have plaintiff declared a vexatious litigator based on his alleged history of repeatedly filing frivolous claims. (Doc. 8 at 13-14). Defendant argues that plaintiff's filing of three state court actions, one counterclaim in state court, and the current action - all of which are related to the same nucleus of facts - together with plaintiff's four bankruptcy filings warrant this designation and an injunction against future filings related to the Property and the loan on the property.

Federal law allows the Court to classify a party as a "vexatious litigator" under certain circumstances. *See Filipas v. Lemons,* 835 F.2d 1145 (6th Cir. 1987); *Smiley v. The View*, No. 1:14-cv-210, 2014 WL 1046011, at *3 (S.D. Ohio March 14, 2014) (citing *Feathers v. Chevron U.S.A.*, 141 F.3d 264, 269 (6th Cir. 1998) ("[t]he general pattern of litigation in a particular case may be vexatious enough to warrant an injunction in anticipation of future attempts to relitigate old claims.") (citation omitted)). Pre-filing restrictions are a "proper method for handling the complaints of prolific litigators," *Filipas*, 835 F.2d 1146, and an appropriate "mechanism to stop the constant flow of meritless and repetitive complaints being filed on the same or similar matters." *Smiley*, 2014 WL 1046011, at *2 (citing *Feathers,* 141 F.3d at 269).

As authority for its position that the Court should classify plaintiff as a vexatious litigator and impose pre-filing restrictions against him, defendant relies on two district court decisions: *Lomaz v. Ohio Dept. of Commerce, Div. of State Fire Marshal*, No. 5:03-cv-2609, 2005 WL 1126746 (N.D. Ohio Apr. 20, 2005) and *Miller v. Ohio Bd. of Regents*, No. C-2-01-550, 2003 U.S. Dist. LEXIS 28921, at *2 (S.D. Ohio Aug. 21, 2003). The Court in *Miller* found that the

12

plaintiff had a history of filing frivolous suits against the defendant and identified 15 lawsuits the plaintiff had filed in state and federal court during an approximately five-year period, all of which had been dismissed on initial screening or a motion to dismiss. *Miller*, 2003 U.S. Dist. LEXIS 28921. In addition, the plaintiff had been declared a vexatious litigator under Ohio law. *Id*. The Court in *Lomaz* found that the plaintiff, who had filed at least nine lawsuits in state and federal court as well as a bankruptcy petition, had "engaged in harassing, threatening and intimidating tactics; instituted frivolous lawsuits and filings; commenced actions taken solely to interpose delay; refused to follow court orders; and failed to prosecute civil actions." *Lomaz*, 2005 WL 1126746, at *9. The Court found that the case before it "represent[ed] an example of vexatious litigation as it [was] the third attempt by plaintiff to litigate a validly issued subpoena." *Id*.

Neither *Lomaz* nor *Miller* supports a declaration classifying plaintiff as a vexatious litigator in this case. Unlike the plaintiff in *Lomaz*, there is no allegation here that plaintiff has engaged in harassing or threatening conduct. Further, although plaintiff has filed three prior lawsuits and a counterclaim against Citigroup in state court, this number is well below the number of actions filed by the plaintiffs in *Lomaz* and *Miller* and is not so great that designating plaintiff as a vexatious litigator is warranted at this time. Should plaintiff continue to file lawsuits related to the Property which has now been foreclosed on and sold, the imposition of pre-filing restrictions as a way to stop plaintiff from continuing to file meritless and repetitive complaints on the same or similar matters may be warranted at a future date. *See Smiley*, 2014 WL 1046011, at *2. However, plaintiff's filings to date, considered alone or in conjunction with his bankruptcy petitions, do not warrant classifying plaintiff as a "vexatious litigator" at this time.

13

**IT IS THEREFORE ORDERED THAT:**

1. The automatic stay provision of 11 U.S.C. § 362(a) does not apply and no stay of this litigation is in effect pursuant to that provision.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and to declare plaintiff a vexatious litigator (Doc. 8) be **GRANTED** insofar as defendant moves to dismiss the complaint and be **DENIED** with respect to defendant's request to declare plaintiff a vexatious litigator.

2. Plaintiff's claims be **DISMISSED** and this case be closed on the docket of the Court.

Date: 10/18/16

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PHILLIP BRANTLEY,
Plaintiff,

Case No. 1:16-cv-707
Black, J.
Litkovitz, M.J.

vs.

CITIMORTGAGE,
Defendant.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).